UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | \* |
| **Heather HUTCHINS,** | \* |
| | \*   **Chapter 13** |
| **Joseph HUTCHINS,** | \*   Case No.  07-21035 |
|       Debtors, | \* |
| | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER**

The Debtor, Heather Hutchins, has moved for an award of fees against Cumberland County Teachers' Federal Credit Union.  I agreed to consider such an award after the credit union withdrew its motion for relief from stay and after I granted the debtor's motion to strike the relief from stay motion from the record.

The parties have submitted the matter for determination in light of the record, the fee itemization submitted by the debtor, arguments made in court, and their respective positions as outlined in pertinent pleadings.

Although I agree with the debtor that the motion for relief from stay was filed without the pre-filing consultation required by D. Me. L.B.R. 9013-1(b), and although, contrary to the credit union's position, I believe I have the power to make a fee award under my inherent powers to enforce the rules and regulate practice in this court,[1] I do not agree with the debtor that all the

---

[1] The credit union assumes an award of fees in this case is pursuant to Bankruptcy Rule 9011, but I disclaim any reliance on this rule.  Instead, I rely on my inherent power to enforce local rules (see Reasonover v. St. Louis County, Mo., 447 F.3d 569, 579 (8th Cir.2006) ("District courts have broad discretion to ... enforce local rules")), and the authorization of 11 U.S.C. sec. 105(a) (see 56 Assoc. v. Diorio, 381 B.R. 431, 440-41 (D.R.I.2008) (finding sec. 105(a) as the basis for an award of counsel fees in connection with defending against a motion to compel)).

fees she incurred should be taxed to the credit union.

The debtor claims she unnecessarily incurred $ 486.50 in fees defending the motion for relief from stay and obtaining its withdrawal, and another $ 1,072.50 in fees prosecuting the motion to strike.

Some portion of the motion defense fees are attributable to the motion's filing without prior consultation. Had that consultation occurred, it is virtually certain that the motion would not have been filed. (The fact it was withdrawn when all pertinent facts were considered is strong evidence of this.) Nevertheless, such consultation would inevitably have entailed debtor's counsel's involvement, not only in discussing the matter with the credit union's counsel, but also with the Chapter 13 Trustee. Using the blended billing rate of the attorneys most involved in that portion of the case, $ 205 per hour, and considering that about an hour of their time would be involved, I will reduce the motion defense fees to $ 281.50 and award that amount to the debtor to compensate her for the costs of efforts unnecessarily expended in defending the relief from stay motion.

As to the motion to strike, I agree with the credit union that its prosecution was unnecessary. In light of the weight of case law holding that a debtor's voluntary dismissal of a Chapter 13 case after a relief from stay motion has been filed, but when it is no longer pending, does not trigger the re-filing prohibitions of 11 U.S.C. § 109(g),[2] I conclude that prosecuting the motion at all, let alone expending $ 1,076.50 in fees to do so (when the motion was unopposed in any event) was not/is not reasonable. I will not tax them to the credit union. The question

---

[2] See Matter of Milton, 82 B.R. 637, 640 (Bankr.S.D.Ga.1988) (citing In re Patton, 49 B.R. 587 (Bankr.M.D.Ga.1985)).

2

whether, and to what extent, those fees will be allowed as reasonable compensation entitled to be paid by the estate as an administrative expense will be left to another day.[3]

It is, therefore, ORDERED that Cumberland County Teachers' Federal Credit Union pay to the debtor, through counsel, the sum of $ 281.50, or, alternatively, credit that amount against obligations owed by the debtor to the credit union, within 30 days.

|  |  |
|---|---|
| August 29, 2008 | /s/ James B. Haines, Jr. |
| Date | James B. Haines, Jr. |
|  | U.S. Bankruptcy Judge |

---

[3] See 11 U.S.C. sec. 330(a)(3)(C) ("In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title"); see also Zambrana v. King, 366 B.R. 264, 265 (D.Mass.2007) ("It is well established that in determining the reasonableness of attorney's fees, a bankruptcy judge has broad discretion...").